UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Case No. 10-166-1 (RMC) |
| | : | |
| **RENALDO GILLIS,** | : | |
| | : | |
| Defendant. | : | |

# ORDER

Renaldo Gillis filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion will be denied as it is both time-barred and legally infirm.

Mr. Gillis and a co-defendant were charged with conspiracy, bank fraud, mail fraud, wire fraud, and aiding and abetting by an Indictment filed on June 16, 2010. On March 6, 2011, Mr. Gillis pleaded guilty to two counts: Count One, Conspiracy to Commit Bank, Mail, and Wire Fraud under 18 U.S.C. § 1349 and Count Three, Bank Fraud, Aiding and Abetting and Causing an Act to be Done in violation of 18 U.S.C. §§ 2, 1344. On March 20, 2012, this Court entered judgment, sentencing Mr. Gillis to sixty-five months on Counts One and Three, to run concurrently and with credit for time served. *See* Judgment [Dkt. 37]. Mr. Gillis did not appeal. Mr. Gillis mailed a § 2255 motion to the Court on October 22, 2013. *See* Def. Mot. to Vacate [Dkt. 43].

First, Mr. Gillis is precluded from bringing his § 2255 motion. Pursuant to his guilty plea, he waived his right to appeal his sentence except to the extent that: (a) the Court failed to comply with Federal Rule of Criminal Procedure 11; (2) the Court sentenced him to a period of imprisonment longer than the statutory maximum; or (3) the Court departed upward from the applicable guideline range, which was 78-97 months. None of these exceptions applies.

1

Second, the § 2255 motion is untimely. "In enacting the AEDPA [the Antiterrorism and Effective Death Penalty Act] in 1996, Congress imposed for the first time a fixed time limit for collateral attacks in federal court on a judgment of conviction." *Mayle v. Felix*, 545 U.S. 644, 654 (2005). "AEDPA's statute of limitations gives prisoners one year to file a habeas petition, with certain enumerated exceptions." *United States v. Pollard*, 416 F.3d 48, 54 (D.C. Cir. 2005). The AEDPA amended § 2255 to state as follows:

> A 1-year period of limitation shall apply to a motion under this section.
>
> The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases under collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Unless the circumstances described in subsections (2) through (4) apply, a § 2255 motion must be filed within one year of the date a criminal judgment becomes final.

Since there was no appeal in this case, the judgment became final on the date it was entered, March 20, 2012. Mr. Gillis mailed his § 2255 motion on October 22, 2013, more than one year after the final judgment in his criminal case. Further, Mr. Gillis has pointed to no extraordinary circumstance that would warrant equitable tolling. *See United States v. Cicero*, 214 F.3d 199, 202 (D.C. Cir. 2000) (equitable tolling should be applied sparingly and only when extraordinary circumstances beyond a prisoner's control made it impossible to file a § 2255

petition on time); *see also Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) (a lawyer's miscalculation of the deadline is insufficient to trigger tolling); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a pro se defendant's ignorance of the law is insufficient to require tolling).  Mr. Gillis's § 2255 petition is barred by the one-year statute of limitations.

Even if the motion were timely, it would fail on the merits.  Under § 2255, a prisoner sentenced in federal court may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or federal laws; (2) the court was without jurisdiction to impose such sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To gain relief under § 2255, the defendant must show "that the challenged sentence resulted from a fundamental defect which inherently result[ed] in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992) (internal quotation marks and citations omitted).  A court need not hold an evidentiary hearing before denying a motion for relief under § 2255 if "the motion and files and records of the case conclusively show the prisoner is entitled to no relief."  *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996).  "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  Rules Governing § 2255 Proceedings, Rule 4.

Here, the motion and case records conclusively show that Mr. Gillis is not entitled to relief.  His § 2255 petition states, in relevant part:

> I was sentenced for a 2 point [e]nhancement on the D.C. case, because of the [South Carolina] case.  Under the law it is clear that the [South Carolina] case carried only 6 months, because of it being less than a year and a day it should not have had any bearing on my D.C. sentence.  I

3

>respectfully ask this Court to [reassess] my sentence calculation, if I am correct than, at the very least, I would rec[ei]ve a reduction of the [e]nhancement under the law.

Mot. to Vacate [Dkt. 43] at 1.  Mr. Gillis contends that his sentence was in excess of the maximum authorized by law, and thus falls under the third category of claims allowed under § 2255.

Mr. Gillis refers to the fact that, under U.S. Sentencing Guidelines § 4A1.1(b), his criminal history points were increased by two based on his conviction in South Carolina for wire fraud under 18 U.S.C. § 1343.  In that case, *United States v. Gillis*, Case No. 8:11CR00720-1 (D.S.C.), the District of South Carolina imposed a six-month sentence on August 30, 2011.  Section 4A1.1 of the Sentencing Guidelines provides for a two point increase in criminal history points due to a prior sentence of this length:

>The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
>(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
>(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

U.S.S.G. § 4A1.1(a) & (b).  Because Mr. Gillis was sentenced to a term of six months in the South Carolina case, his criminal history points in this case were increased by two in compliance with Sentencing Guideline § 4A1.1(b).  His sentence was rendered in accordance with applicable law.  Accordingly, it is hereby

**ORDERED** that Mr. Gillis's motion to vacate under 28 U.S.C. § 2255  [Dkt. 43] is **DENIED**.

Date:  November 6, 2013                              /s/
ROSEMARY M. COLLYER
United States District Judge